IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN DEVELOPMENT COMPANY, L.C.
d/b/a Agriboard Industries,

*Plaintiff*,

vs.

INDIANA LUMBERMEN'S MUTUAL
INSURANCE COMPANY,

*Defendant.*

Case No. 09-1264-EFM-DWB

**MEMORANDUM AND ORDER**

This matter arises out of an insurance policy dispute between Plaintiff Ryan Development Company, L.C., d/b/a Agriboard Industries ("Ryan") and Defendant Indiana Lumbermens Mutual Insurance Company ("ILM"). The issue is whether Plaintiff has stated a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Before the Court is Defendant's Motion to Dismiss or Alternatively Motion for Judgment on the Pleadings (Doc. 15). For the following reasons, the Court denies the motion.

**I. Facts**

Ryan is a company that supplies compressed agricultural fiber products to the building and construction industry. It obtained insurance from ILM for its only manufacturing mill in Electra, Texas. The basic coverage amount was $8,743,626, with related coverage extension. In April of 2009, the mill was destroyed in a fire. Ryan brought an action against ILM in May of 2009, alleging

that ILM refused to make payments due under the insurance policy.[1] The case was voluntarily dismissed four days after it was filed. To date, ILM has paid a portion of the insurance policy.

Ryan filed the present action against ILM on August 31, 2009. In its complaint, Ryan alleges that ILM has "wilfully refused to make payments under their insuring agreement in a timely fashion." It states that Defendant only paid for the loss of the manufacturing building and mill after the previous action was filed, and that Defendant still owes more than three million dollars of the policy. Ryan states that the unpaid covered losses include stock, personal property, and blanket income coverage.[2] Ryan's complaint further alleges that ILM has "refused to meet its obligations under Texas statutory law," and is therefore liable for "interest, attorney fees and damages caused by its wrongful conduct." The complaint requests damages resulting from ILM's continued failure to pay.

ILM filed its motion to dismiss or in the alternative for judgment on the pleadings on January 15, 2010. It asserts that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Ryan has not stated a claim to relief that is plausible on its face in accordance with *Bell Atlantic Corp. v. Twombly*.[3] ILM asserts that Ryan's complaint has not articulated a wrongful act by the Defendant to form a plausible claim, and requires the Court to guess what claim Ryan is bringing. ILM argues that if any, Ryan's complaint may only be construed as a breach of contract claim. ILM also argues that Ryan failed to state a claim upon which relief may be granted because it failed to specify the Texas statutes that ILM has allegedly violated.

---

[1] *Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.,* U.S. District Court Case No. 09-CV-1158-EFM-KMH.

[2] A copy of the "Schedule of Coverages" was attached as "Exhibit A."

[3] 550 U.S. 544 (2007).

Further, ILM's motion asserts that if a breach of contract claim is the claim brought, it is not ripe. It argues that Ryan has failed to meet conditions precedent of the insurance policy. As such, ILM claims that it has not actually denied coverage and would be willing to pay the remainder of the policy once the proper steps are taken by Ryan under the insurance contract.[4]

Ryan filed its response to ILM's motion to dismiss on February 8, 2010. Ryan argues that its complaint states a claim upon which relief may be granted. It states that detailed factual allegations are not required to state a claim, only enough to "state a claim to relief that is plausible on its face." Ryan argues that there is not a duty to plead theories of recovery or causes of action, and that the complaint must only contain a short and plain statement of the claim under the Federal Rules of Civil Procedure. It claims that ILM filed its motion to dismiss as a method of delay, and that ILM's arguments regarding the ripeness of the breach of contract claim should be made in a motion for summary judgment. Ryan further claims that it has met the conditions precedent as required under the insurance contract.

ILM filed its reply to Ryan's response on February 20, 2010 asserting that Ryan's statements regarding ILM's attempted delay tactics are without merit. It further argues that the motion to dismiss, and not one for summary judgment, is appropriate because Ryan has failed to state a claim.

---

[4]Defendant attached two exhibits to its motion. The first is a Tenth Circuit opinion, *Bennett v. State Farm Mut. Auto. Ins. Co.,* 78 P.3d 497 (10th Cir. 2003) (summary judgment granted), in which the Court held that a condition precedent must be met before a breach of contract action accrues in an insurance case. The second is a portion of the insurance contract that provides for what must be done in case of a loss.

## II. Legal Standards

### 1. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[8] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[9] Allegations that merely state legal conclusions, however, need not be accepted as true.[10]

The motion is brought alternatively as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The following analysis is unaffected by this distinction, as the standard is the same under Rule 12(c) and Rule (12)(b)(6).[11]

---

[5]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[8]*Iqbal*, 129 S.Ct. at 1950.

[9]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[10]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

**III. Analysis**

Plaintiff's complaint contains enough factual allegations to support a claim that is plausible on its face. Plaintiff claims that an insurance contract existed between it and Defendant. It further claims that payment is due under the contract, and that Defendant has willfully refused to make such payment. Plaintiff intends a breach of contract claim, and such a claim is presented through the allegations in the complaint.

Defendant even briefs the issue as if Plaintiff is bringing a breach of contract claim, and asserts that Plaintiff has failed to meet conditions precedent in the contract. However, the argument regarding conditions precedent in the insurance contract is not appropriate for a Fed. R. Civ. P. 12(b)(6) motion. The purpose of such a motion is to challenge the sufficiency of the complaint, rather than to weigh the evidence of the case. Such an argument attempts to lead the Court into evidence-weighing, which is not appropriate at this point.[12]

As for the Texas statutory violations, Plaintiff does not state a claim upon which relief may be granted. The language in the complaint alleging that Defendant "failed to meet its obligations under Texas statutory law" does not describe the type of claim Plaintiff intends to bring. Plaintiff does not describe the specific statute(s), the type of statute(s), or the conduct that allegedly violates the vaguely aforementioned statute(s). This does not offer enough facts to present a claim that is plausible on its face, and therefore fails under the *Twombly* standard. Despite this shortcoming, the complaint will not be dismissed as it alleges a viable claim that is plausible on its face for breach of contract.

---

[12]Further, the Court notes that the *Bennett* case Defendant cites in support of its ripeness argument is distinguishable. In that case, the pending motion was one for summary judgment. A summary judgment motion, unlike a motion to dismiss, allows the Court to weigh evidence.

**IT IS THEREFORE ORDERED** this 19th day of July, 2010 that Defendant's Motion to Dismiss or Alternatively Motion for Judgment on the Pleadings (Doc. 15) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE