## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RYAN DEVELOPMENT COMPANY, L.C.
d/b/a/ Agriboard Industries

    *Plaintiff*,

vs.

Case No. 09-1264-EFM

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Ryan Development Company, L.C., d/b/a Agriboard Industries, contends that

Defendant Indiana Lumbermens Mutual Insurance Company breached its insurance contract.

Defendant argues that there is no breach of contract because Plaintiff failed to provide

documentation to support its claim for policy limits. Before the Court is Defendant's Motion for

Summary Judgment (Doc. 42). For the following reasons, the Court denies Defendant's motion.

### I.  Factual and Procedural Background[1]

Plaintiff Ryan Development Company, L.C., d/b/a/ Agriboard Industries ("Agriboard") is

a Kansas company. Defendant Indiana Lumbermens Mutual Insurance Company ("ILM") is an

insurance company incorporated in Indiana and authorized to transact business in Kansas. ILM

issued a business insurance and general liability policy to Agriboard with the effective dates of

---

[1]In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they
are related in the light most favorable to the non-moving party. Many facts are not set forth clearly in the parties' factual
contentions or are not supported by an appropriate cite to the record.

October 26, 2008 through October 26, 2009.

A fire occurred on April 9, 2009, and Agriboard made a claim under the policy.[2] On May 21, 2009, Agriboard filed a lawsuit claiming that ILM owed it insurance proceeds. The lawsuit was voluntarily dismissed on May 27, 2009.[3]

Karl Rump and Stephanie Williams are certified public accountants employed by the firm of Larson & Company, P.A., which serves as independent accountants for Agriboard. Rump and Williams assisted in the presentation of the documentation of loss to ILM. Williams originally submitted the computation of income loss to ILM on or around June 17, 2009. On August 31, 2009, Agriboard filed this lawsuit alleging a claim for breach of contract.

On November 2, 2009, Defendant's counsel asked Plaintiff's counsel to provide additional documentation to the accounting firm, Buchanan, Clarke, and Schlader, LLP (BCS). Defendant identifies BCS as its expert witness. On March 10, 2010, BCS submitted an expert report and accounting of the business income and extra expense claim submitted by Plaintiff. This report calculated the loss through the months of April 2009 through October 2009.[4]

---

[2]The parties disagree as to whether Plaintiff has made a claim for policy limits on all areas of coverage. Neither party provides support for their factual contention.

[3]The parties argue about the appropriateness of the first lawsuit. Defendant contends that it was premature and demonstrates that Plaintiff refuses to cooperate with the handling of its claim. Plaintiff argues that the first lawsuit was proper because Defendant had not paid it anything for the loss of the building as it was statutorily required to do. After the lawsuit was filed, the parties had several discussions, and Plaintiff voluntarily dismissed the suit without prejudice. Defendant paid Plaintiff approximately $1.8 million for the building and $3 million for the mill. The current dispute is apparently over other policy provisions, including business income and extra expense coverage.

[4]Although Defendant identifies its expert report as an exhibit in the facts section of its brief, it provides no other facts as to the content of the 56 page report, such as the amount of the calculated loss or the expert's opinion. The Court has reviewed the 56 page document but will not set forth the findings of the report when Defendant failed to do so.

Defendant previously filed a motion to dismiss asserting that Plaintiff failed to state a claim and that the lawsuit was not ripe because Plaintiff failed to allege it had complied with the policy. This motion was denied. Defendant ILM now moves for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[5] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[6] A fact is "material" when "it is essential to the proper disposition of the claim."[7] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[8]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[9] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[10]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[11] The opposing party must "set forth specific facts that would be admissible in evidence in the event of

---

[5]Fed. R. Civ. P. 56(c).

[6]*Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[7]*Id.*

[8]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[9]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[10]*Id.* (citing *Celotex*, 477 U.S. at 325.)

[11]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

trial from which a rational trier of fact could find for the nonmovant."[12] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[13] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[14] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[15]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[16]

### III. Analysis

A federal court sitting in diversity must apply the choice of law rules of the state in which it sits.[17] Defendant contends that Kansas law applies under choice of law principles,[18] and Plaintiff does not address the issue. Neither party directs the Court to any choice of law provision in the insurance contract, so the Court will presume Kansas law is applicable for purposes of this motion.

The elements of a breach of contract claim are (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage

---

[12]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[13]*Adler*, 144 F.3d at 671.

[14]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[15]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[16]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[17]*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

[18]Choice of law principles do not necessarily dictate that Kansas law applies – only that the Court applies Kansas law to determine what law is applicable.

-4-

caused by the breach.[19]

Defendant argues that it is entitled to summary judgment on Plaintiff's breach of contract claim because Plaintiff has no evidence to establish elements three and four. Defendant first contends that Plaintiff cannot provide evidence of Plaintiff's performance or willingness to perform in compliance with the contract because the documentation provided by Plaintiff is insufficient to demonstrate that Plaintiff is entitled to its claimed damages.

Here, the main issue is whether the documentation provided by Plaintiff to Defendant is sufficient to support Plaintiff's claim of loss of income and extra expenses. The parties disagree. As noted above, Defendant admits that Plaintiff provided documentation. Indeed, their experts relied on this documentation to determine what they contend Plaintiff is entitled to be paid.[20] Therefore, it appears that because Plaintiff provided Defendant with documentation and data as to its insurance claim, there is some evidence of Plaintiff's willingness to perform in compliance with the contract. Defendant simply deems the documentation insufficient.[21] As such, the Court concludes that this is a factual question for the jury.

Defendant asserts, however, that there is no factual question because the findings of Defendant's expert accountants cannot be controverted because Plaintiff's accountants have not been identified as experts and will not be allowed to testify at trial. Although Defendant is correct that Plaintiff cannot rely on its accountants for expert testimony because they have not been so identified,

---

[19]*See Stouder v. M & A Tech, Inc..*, 2010 WL 2044666, at *6 (D. Kan. May 24, 2010).

[20]The Court notes, however, that it is entirely unclear from the record when (and what) documentation was provided to Defendant.

[21]With respect to Plaintiff's loss of income claim, Defendant contends that "prior sales performance" is clearly to be considered in determining the lost income pursuant to the plain language of the policy. The Court, however, does not see that specific language in the policy. Defendant has not clearly identified how loss of income is calculated under the insurance policy.

Plaintiff's accountants may still testify as fact witnesses as it appears that they are the individuals who gathered the information and supporting documentation for the submitted claim. Because Plaintiff's accountants may testify about what information they provided to Defendant in support of Plaintiff's claimed damages, there appears to be an issue of fact as to whether this documentation is sufficient to support Plaintiff's claim.[22]

In addition, with respect to Defendant's expert report, Defendant contends that there are no controverted facts because there is no admissible opinion from any of Plaintiff's accountants regarding the lost income of the Defendant. The Court has reviewed the report, and it appears that "lost income" is only one portion of Plaintiff's claims under the policy. For example, there appears to be relocation expenses falling under the "extra expense" category. As such, the mere fact that Plaintiff's accountants may not testify as to the "lost income" portion of the report does not necessarily mean that the entire report is uncontroverted and that Plaintiff's accountants are precluded from testifying as to documentation of other expenses.[23]

Defendant also argues that Plaintiff cannot establish element four of a breach of contract claim because Defendant asserts that it has diligently attempted to locate any evidence to support Plaintiff's claims under the policy. Other than a somewhat conclusory statement asserted by Defendant that it has asked Plaintiff's counsel to provide additional documentation, Defendant provides no other facts. The Court cannot conclude that there is no question of fact as to this issue.

Defendant's final argument as to the appropriateness of summary judgment also fails.

---

[22]The Court is uncertain as to whether Defendant is asserting that only an expert can testify as to the documents that will support a "lost income" claim or whether only an expert can testify as to what constitutes "lost income." If it is the first proposition, the Court questions the necessity of an expert.

[23]The Court is not completely convinced at this time that Defendant is correct that Plaintiff's accountants are precluded from testifying as to "lost income." This issue will be addressed closer to trial and in a motion for limine.

Defendant argues that Plaintiff's claim is not yet ripe because Plaintiff has failed to supply documents and information to support its claim because it has not provided expert reports or testimony to controvert the findings and opinions of Defendant's expert accountants. This is a factual determination for the jury to make in determining whether Plaintiff submitted appropriate documentation. Of course, at trial, it will be Plaintiff's burden to establish that Defendant breached the contract, and Plaintiff will be required to provide supporting documentation demonstrating the amounts it claims it is entitled to.

Based on the record before it, the Court cannot conclude that Defendant has met its burden in demonstrating that there is no genuine issue of material fact. As such, it is not entitled to judgment as a matter of law.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2011.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE